IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MADE ALLEN TAYLOR,

Plaintiff,

v.

DELILA SCHMIDT, Deputy Director for Department of Corrections; GEO GROUP INC.; GEORGE ZOLEY, CEO GEO Group Inc.; JEN WINKELMAN, Commissioner for the Alaska Department of Corrections; and STEPHEN J. COX, Attorney General for the State of Alaska, in their Individual and Official Capacities,

Defendants.

Case No. 3:26-cv-00069-RRB

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**I.**

Before this Court is the above-captioned case filed by self-represented litigant Made Allen Taylor ("Plaintiff") on February 9, 2026.[1] Plaintiff also filed an application to proceed without pre-payment of the filing fee.[2] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915, 1915A and rules on Plaintiff's pending motions.

[1] Docket 1.
[2] Docket 3.

## A. Plaintiff's Claims

Plaintiff alleges violations of the Eighth Amendment, Fourteenth Amendment, and Alaska state law. He names Delila Schmidt, Deputy Director for the DOC; the GEO Group, Inc.; George Zoley, CEO of GEO Group Inc.; Jen Winkelman, Commissioner of Alaska DOC; and Stephen J. Cox, State of Alaska Attorney General, as defendants.[3] Count 1 of the Complaint alleges sexual abuse of a prisoner by a custodial authority, as well as failure to protect, in violation of the Eighth Amendment.[4] Count II alleges that Defendants "deprived Plaintiff of body integrity without due process of law" in violation of the Fourteenth Amendment.[5] The Complaint also alleges violations of state law and common law negligence.

Plaintiff alleges that in March 2023, while housed at a halfway house in Fairbanks, Alaska, Plaintiff was sexually assaulted by the Deputy Director of Pretrial Services, Delila Schmidt.[6] He alleges that as a result of the assault, he suffered emotional distress, psychological harm, and adverse parole consequences, including denial for furlough placement on September 29, 2025, and denial of parole on January 7, 2026. Plaintiff also alleges that he was pressured to send a letter denying that the sexual assault happened, which he did on July 28, 2025.[7] He seeks an award of costs and fees,

---

[3] Docket 1.
[4] Docket 1.
[5] Docket 1.
[6] Docket 1 at 2.
[7] Docket 1-1.

compensatory damages of $1.5 million, and punitive damages of $500,000, as well as declaratory and/or injunctive relief.

Read as a whole and liberally construed, Plaintiff's Complaint fails to state a claim for which relief can be granted for the reasons explained below. Therefore, the Complaint is DISMISSED with leave to amend. **Plaintiff shall have 60 days to file an amended complaint in accordance with the guidance herein.**

## B. Screening Standard

Federal law allows a district court to conduct an initial screening of a civil complaint filed by a self-represented individual seeking to proceed without prepaying the filing fee.[8] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

(i) is frivolous or malicious;[9]

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[10]

---

[8] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[9] The term "frivolous" denotes a filing that is both baseless and made without reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358 (9th Cir. 1990). Additionally, a claim may be deemed frivolous if the facts alleged are "clearly baseless," encompassing allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez,* 504 U.S. 25 (1992).

[10] 28 U.S.C. § 1915(e)(2)(B).

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[11] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[12] Although, generally, the scope of review is limited to the contents of the complaint, a court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[13] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[14]

A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[15] "[A] liberal interpretation of a pro se civil rights complaint may not supply essential elements of the

---

[11] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[13] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[14] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[15] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient[.]"[16]

### C. Claims are Barred by the Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a complaint based on the date when the claim(s) accrued.[17] A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[18] A claim ordinarily accrues on the date of the injury.[19] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[20] They also "ensure that claims are filed before essential evidence disappears."[21] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[22]

---

[16] *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

[17] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.'").

[18] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir. 2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[19] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[20] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[21] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[22] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

Because § 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[23] The United States Supreme Court has held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."[24] In Alaska, this statute of limitations is two years.[25]

Alaska law allows equitable tolling in various circumstances. Equitable tolling is the "extension of a legal deadline as a result of extraordinary circumstances that prevented one from complying despite reasonable diligence throughout the period before the deadline passed."[26] The statute of limitations may be tolled if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[27] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[28] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[29] Courts have denied tolling when a

---

23 *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

24 *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (emphasis added).

25 Alaska Stat. § 09.10.070.

26 EQUITABLE TOLLING, Black's Law Dictionary (12th ed. 2024).

27 Alaska Stat. § 09.10.140(a). Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

28 *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

29 *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

plaintiff's actions, such as seeking legal representation and filing lawsuits, demonstrate an ability to manage their affairs or pursue legal claims despite their mental condition.[30]

The Alaska Supreme Court also has acknowledged that some jurisdictions will equitably toll a plaintiff's claims where "extraordinary circumstances" outside the plaintiff's control make it impossible for the plaintiff to timely assert a claim, noting that "[w]e have *neither accepted nor rejected* this theory of tolling."[31] However, even if a court were to recognize equitable tolling for extraordinary circumstances, courts will only allow tolling if the conditions made filing impossible, not just difficult. Alaska courts have found even major life stressors—such as illness, homelessness, or imprisonment—insufficient to justify tolling.[32]

Plaintiff's claims are, on their face, barred by the two-year statute of limitations. His Complaint, filed almost three years after the alleged incident, was filed almost a year too late. If Plaintiff cannot show that he is entitled to equitable tolling, his case must be dismissed. **Any amended complaint must therefore allege plausible facts to demonstrate that he qualifies for equitable tolling, or other grounds sufficient to overcome the applicable two-year statute of limitations.** The Court will provide Plaintiff with the appropriate form to use, and the information in Section II below is intended to guide Plaintiff, in the event that he decides to file an amended complaint.

---

[30] *See, e.g., Blake J. v. State,* 554 P.3d 430 (Alaska 2024).

[31] *Richardson,* 360 P.3d at 87 (emphasis in original).

[32] *Id.* (finding claims of mental health issues, lockdowns, or homelessness insufficient to toll the statute of limitations). *See also Kaiser v. Umialik* (finding divorce, jail, and illness did not justify tolling under Alaska's equitable doctrine).

**D. Motion for Injunctive Relief (Docket 12)**

Plaintiff's motion for injunctive relief names defendants not named in the Complaint.[33] Moreover, it does not sufficiently establish that the requested relief is tied to the claims in this action, or that it is directed to persons capable of implementing such relief.[34] Nor is it "narrowly tailored" to remedy the asserted constitutional injury.[35]

Accordingly, Plaintiff's motion at **Docket 12 is DENIED.**

**II.**

**A. Requirements to State a Claim**

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, **when** that injury occurred, **where** that injury occurred, and **who** the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[36] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its

---

[33] The motion at Docket 12 lists the following as defendants: State of Alaska DOC; Jen Winkelman; Jake Whyckoff; Stephen J. Cox; Randy Flowerdew; Gary Jones; Dan Traxinger; Cody Sisco; Susie Ray; and Kyle Thompson.

[34] *See Mayfield v. United States*, 599 F.3d 964, 969, 972 (9th Cir. 2010) (requiring a substantial likelihood that the requested relief will redress the alleged injury).

[35] "The Prison Litigation Reform Act ('PLRA') requires that preliminary injunctions in prison cases be 'narrowly drawn' and the 'least intrusive means necessary to correct th[e] harm.'" 18 U.S.C. § 3626(a)(2).

[36] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

An amended complaint replaces the prior complaint in its entirety.[37] Any claim not included in the amended complaint will be considered waived. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[38] To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[39] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]

While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a

---

[37] *See* Fed. R. Civ. P. 15; *cf.* District of Alaska Local Civil Rule 15.1 (providing that amended pleading must not incorporate by reference any prior pleading, including exhibit).

[38] Fed. R. Civ. P. 8(a)(2).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[40] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

claim.[41] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[42] Rule 8 requires "simplicity, directness, and clarity," such that each defendant easily should be able to determine "what he is being sued for."[43]

Additionally, the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit includes a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences. However, unrelated claims involving different defendants must be brought in separate lawsuits.

**B. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")**

Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[44] To state a claim for relief under § 1983, a plaintiff must allege plausible facts that, if proven, would establish: (1) The defendant is a person acting under color of state law; and (2) The

---

[41] *Ashcroft*, 556 U.S. at 678.
[42] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).
[43] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).
[44] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

defendant's actions deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[45]

To "act under color of state law" a complaint must allege that the defendant acted with state authority as a state actor.[46] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[47] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[48]

### 1. Eighth Amendment

To state a claim under the Eighth Amendment,[49] prisoners must show that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions.[50]

---

[45] 42 U.S.C. § 1983; *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[46] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a Section 1983 action." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). Federal courts must "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826, 835 (9th Cir. 1999).

[47] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[48] *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[49] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[50] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

For a claim based on a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."[51] The Eighth Amendment places restraints on prison officials who may not, for example, use excessive physical force against prisoners. The Amendment also imposes duties on these officials who must provide humane conditions of confinement.

### 2. Fourteenth Amendment

The Due Process Clause[52] is a limitation on state action rather than a guarantee of minimum levels of state protections.[53] Under the Fourteenth Amendment, a person has the constitutional right to be free from a government employee affirmatively placing that person in a position of actual, particularized danger (or in a situation of actual, particularized danger that is more dangerous than the position that the person already faced) if the government employee acted with deliberate indifference to a known or obvious danger.[54] However, a defendant's failure to act to protect an individual from private violence does not deprive an individual of due process, except in narrow circumstances.[55] Unless a state actor creates or enhances danger to an individual, the state does not have a constitutional duty to protect him from the private violence.[56]

---

[51] *Id.*

[52] The Due Process Clause provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[53] *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

[54] *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1133–35 (9th Cir. 2018); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061–65 (9th Cir. 2006).

[55] *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989).

[56] *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023).

## C. Denial of Parole and Furlough are Not Appropriate Federal Claims

Plaintiff alleges adverse parole consequences, including denial for furlough placement on September 29, 2025, and denial of parole on January 7, 2026. Denial of parole and furlough are not cognizable claims under the constitution. "[A] prisoner has no [federal] constitutional right to a particular classification status[.]"[57] And a state prisoner "does not have a federally created liberty interest in furlough release protected by the federal constitution."[58] Nor is there a federally constitutionally protected liberty interest created by the state's furlough law, because the denial of furlough release does not "impos[e] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[59]

Alaska law explicitly gives the state sentencing court the authority to set probation conditions and to "revoke or modify any condition of probation, change the period of probation, or terminate probation."[60] A probationer may file a motion in his state criminal case seeking to modify or vacate a specific probation condition. A state criminal defendant also may challenge the validity of his sentence through the State's direct appeal process or through post-conviction relief proceedings.[61] Therefore, any relief Plaintiff

---

57 *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987).

58 *Hertz v. Macomber*, 297 P.3d 150, 156 (2013) (citing *Diaz v. State, Department of Corrections,* 239 P.3d 723, 730 (Alaska 2010) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995))).

59 *Hertz*, 297 at 157 (quoting *Sandin*, 515 U.S. at 484).

60 *See* Alaska Stat. §§ 12.55.080, 12.55.090, 12.55.100.

61 *Galindo v. State,* 481 P.3d 686, 691 (Alaska Ct. App. 2021).

seeks with respect to his furlough or parole status may be more appropriately pursued in the state courts.

## D. Appropriate Defendants

"Individual Defendants that are state employees and sued in their official capacities are immune under the Eleventh Amendment . . . [b]ut Eleventh-Amendment immunity does not apply to the Individual Defendants in their personal capacities."[62] Accordingly, any § 1983 claim against a state employee must be brought against them in their **individual capacities**. Any Amended Complaint must identify what acts or omissions **each defendant** committed or omit that defendant from the Amended Complaint.

The GEO Group, Inc., according to Plaintiff, contracts with the state of Alaska to operate "Northstar Center," the halfway house where the alleged assault took place.[63] While suits against private entities are permitted under § 1983, it does not impose liability vicariously "solely on the basis of the existence of an employer-employee relationship with a tortfeasor."[64] To make out a claim against GEO Group, Plaintiff must show that (1) GEO Group acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of Geo Group.[65]

---

[62] *Breck v. Doyle*, 796 F. App'x 333, 337 (9th Cir. 2019) (citing *Will*, 491 U.S. at 71); *Kentucky v. Graham*, 473 U.S. 159, 166–67, (1985).

[63] Docket 1 at 2.

[64] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (citations omitted).

[65] *Id.*

It is unlikely that Plaintiff can prove any set of facts demonstrating that sexual abuse/assault was a policy or custom, but he may state claims against individuals employed by GEO for alleged events occurring within the scope of their employment. Even though sexual assault is neither authorized by a defendant's employer nor within legitimate correctional duties, allegations that a defendant exercising state-delegated custody over a plaintiff abused that custodial authority by sexually assaulting the plaintiff generally are sufficient to demonstrate state action. Plaintiff also may add related claims against individual DOC employees to the extent they arise from the same facts or occurrences.

## CONCLUSION

If Plaintiff files an amended complaint, the Court will screen it to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, the case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is DISMISSED, with leave to amend.

2. Plaintiff shall have **60 days** from the date of this order to file either:

(a) First Amended Complaint, in which Plaintiff revises her complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

(b) Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed without further notice to Plaintiff for failure to state a claim.

4. Plaintiff's application to waive pre-payment of the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff's motion for preliminary injunctive relief at **Docket 12 is DENIED**.

6. Plaintiff's request for a status report at **Docket 10 is DENIED as moot.**

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[66] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[66] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled “Notice of Change of Address.” The Notice shall contain only information about the change of address, and its effective date.[67] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

10. With this order, the Clerk is directed to send a copy of: (1) form PS15, with “FIRST AMENDED” written above the title “Complaint Under the Civil Rights Act 42 U.S.C. § 1983”; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

IT IS SO ORDERED this 13th day of October, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[67] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as “[s]elf-represented parties must keep the court and other parties advised of the party’s current address and telephone number”).